EMMA COUGHENOUR, ADMINISTRATRIX OF THE ESTATE OF R. E. COUGHENOUR, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

RESPONDEAT SUPERIOR—*not applicable to State.* The doctrine of *Respondeat Superior* is not applicable to the State, and it is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*when claimant entitled to an award.* While as a matter of law the State is not liable for the injuries sustained by claimant's intestate while he was in the performance of his duty, as a matter of social justice and equity the Court recommends to the Legislature an appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

Claimant's intestate was employed by the State as a guard at the penitentiary at Joliet, and was in the course of his employment required to work at the new prison in Lockport Township, near Joliet. He was transported each morning from the old penitentiary to the new prison, and back in the evening by means of a certain truck belonging to the State and driven by one of the convicts of the penitentiary. On one of the routes from the old penitentiary to the new prison, there was a steep hill known as Bluff hill. On February 4, 1920, this roadway was very slippery, and on said day while said truck, loaded with prisoners under charge of said guard, was being driven up said hill, the engine of said truck died. The driver applied the brakes but they were out of order and would not hold and the truck which weighed about 4,-600 pounds began to run backwards down the hill. There was a man in the front of the truck with the driver, and the driver, after putting on the brake, directed this man to jump. The back part of the truck was closed in front and at the sides, and the only exit was from the rear. Of the eighteen to twenty men in the rear part of the truck, five or six jumped and then claimant's intestate jumped. He attempted to jump towards the left and off the back end of the truck, but just about the time he jumped, the truck swered to the left and ran over him, breaking one of his legs and injuring him internally. As a result of these injuries he died the day following, February 5th.

The evidence shows that the brake on this truck had been out of order for several months, and that the deputy warden of the penitentiary knew of this condition two weeks prior to the accident.

Claimant's intestate was 47 years old, earned from $90.00 to $100.00 per month and his board, lodging and laundry, and the evidence shows

that he contributed at least $50.00 per month to the support of his family.

The Attorney General has filed a demurrer on behalf of the State, in which he admits that the facts are substantially true as set forth in the brief and argument of claimant, but sets up that claimant is not entitled to recover, on the ground that the doctrine of *respondeat superior* does not apply to the State, and that the State is not liable for injuries received by those it employs, because the conducting of the Illinois State penitentiary at Joliet is a governmental function.

These contentions must be sustained.

The claim is therefore rejected.

While as a matter of law, the State is not liable to claimant, we feel that as an act of social justice and equity the Legislature should make an appropriation for the relief of claimant. In the brief and argument of claimant, counsel for claimant states that under no circumstances can this court allow damages of less than sixty four hundred and ninety-two dollars ($6,492.00). If the State were liable, this argument might be used, but as the State is not liable, any appropriation that is made will be allowed as an act of social justice instead of being computed according to the strict rules of law.

The Court therefore recommends to the Legislature that an appropriation be made to claimant of the sum of five thousand dollars ($5,000.00).